NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA MARTINEZ CASTILLO, | No. 17-70865 |
| Petitioner, | |
| v. | Agency No. A029-202-961 |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018**

Before:     WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Brenda Martinez Castillo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") order denying her motion to reopen removal

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Martinez Castillo's motion to reopen on the ground that she failed to show she provided the immigration court with an address at which she may be contacted. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (a motion to reopen in absentia proceedings based on lack of notice may be filed at any time); 8 U.S.C. § 1229(a)(1)(F)(i) ("the alien must immediately provide . . . a written record of an address . . . at which the alien may be contacted"); *see also Velasquez-Escovar v. Holder*, 768 F.3d 1000, 1004 (9th Cir. 2014) ("[A]liens are entitled to notice unless they fail to give a current address to the government or fail to let the government know when they move."). The record does not support Martinez Castillo's contention that she lived at the address on file when the hearing notice was sent, she submitted no evidence to support her contention that her sister lived at the address on file when the notice was sent, and all immigration notices sent to the address on file were returned as undeliverable. In addition, the record shows Martinez Castillo moved several times between service of the Notice to Appear in 2002 and service of the hearing notice in 2007. *See* 8 U.S.C. § 1229(a)(1)(F)(ii) ("[T]he alien must provide the Attorney General immediately with a written record of any change of the alien's address or

2                                                                                      17-70865

telephone number.").

**PETITION FOR REVIEW DENIED.**